UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JAMES BUDDY DICKERSON )
)
v. ) NO. 2:05-CV-34
)
JEFF GREEN, STACY VAUGHN, )
CHAD GILLENWATER, and CHAD )
MOSLEY )

## **MEMORANDUM and ORDER**

Plaintiff James Buddy Dickerson has filed this *pro se* civil rights action under 42 U.S.C. § 1983. His application to proceed *in forma pauperis* is **GRANTED**. However, since the plaintiff is a prisoner, *see* 28 U.S.C. § 1915(h), he is **ASSESSED** the full filing fee of two hundred, fifty dollars ($250.00). 28 U.S.C. § 1914(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir.1997).[1]

---

[1] A prisoner who files a federal civil case *in forma pauperis* must be assessed the entire filing fee. Typically, after the fee has been assessed, the custodian of inmate trust accounts at the facility wherein the prisoner is housed is ordered to submit installment payments to the Clerk of Court, until the full amount of the filing fee has been paid. However, as indicated later in this order, the last address provided for the plaintiff was the Lakeshore Mental Health Institute. Since Lakeshore is not a correctional facility and, presumably, does not maintain prisoner trust accounts, the Court concludes that the plaintiff has no such an account from which to draw periodic payments to satisfy the filing fee. Nevertheless, the plaintiff has been assessed the filing fee and this constitutes a

Since the plaintiff was a prisoner (within the terms of 28 U.S.C. § 1915A(c)) when this complaint was filed, the complaint now must be screened and must be dismissed if the Court determines that it is frivolous or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2) and § 1915A.

The plaintiff's standardized form complaint does not contain a statement of claims, but in paragraph V, the plaintiff states his claims for relief as follows:

> I want to take Jeff Greer and Stacy Vaught for breaking my door down and entering my house without a warrent (sic). I want Jeffery Dickerson summons for taking a bribe for $3,000.00 to put me in Jail. I won't Charlotte Dickerson for witness and I won't Chad Mosley for takeing (sic) me to jail without a warrent (sic) and coming on my property.

Attached to the complaint is a printout of an article from the Kingsport Times-News, downloaded from the internet on December 2, 2004, titled "Hawkins Standoff ends in gunshot, arrest," and published July 13, 2004. The article reads as follows:

> Surgoinsville: Following a 4½ hour standoff Monday night, the Hawkins County Sheriff's Department Tactical Team arrested a man on Cross Valley Road near Surgoinsville who had held them at bay with a loaded shotgun. Sheriff Warren Rime said James Hutson "Slim" Dickerson, 62, 184 Cross Valley Road, Surgoinsville, fired the shotgun when members of the tactical team rushed him about 9:30 p.m. Rimer said the shot missed his officers and hit a chest of drawers in a bedroom of the house where Dickerson was holed up. The standoff

---

financial obligation on the part of the plaintiff.

began about 5 p.m. when Dickerson's wife called the sheriff's department asking officers to make a welfare check on Dickerson. Rimer said Dickerson's wife had left the home about 1 a.m. Monday and returned about 5 p.m., when she noticed a bullet hole in a window.

Officers came to the house and saw where a bullet hole had been shot through the window in the bedroom," Rimer said. "They went into another bedroom, and he was sitting on the floor with a single-shot shotgun. He wouldn't lay the gun down, and when they rushed him the gun discharged." Rimer added that no one was injured when Dickerson was taken into custody. Dickerson was immediately charged with aggravated assault, but Rimer said other charges could be pending the completion of the investigation, which continued late Monday night. Dickerson was lodged in the Hawkins County Jail Monday night without bond.

The Court assumes, based on the contents of the article and the claims for relief, that the plaintiff is asserting that his right not to be subjected to unreasonable search and seizure, as secured by the Fourth Amendment to the United States Constitution, was violated by Hawkins County law enforcement officials on July 13, 2004, in connection with the incident reported in the newspaper. If this assumption is correct, then this action cannot proceed.

Under the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must abstain from entertaining lawsuits by an individual seeking to enjoin a criminal prosecution against him in state court where those proceedings implicate important state interests and the plaintiff has an adequate opportunity to

3

raise his challenges in that forum. *See O'Shea v. Littleton*, 414 U.S. 488, 499-504 (1974). All of the factors supporting abstention are present here. Therefore, the Court must abstain from interfering in plaintiff's state criminal proceedings by issuing rulings as to whether the warrantless entry into the plaintiff's house and subsequent arrest violated his constitutional rights.[2]

A separate order of dismissal will enter.

ENTER:

        s/Thomas Gray Hull
        THOMAS GRAY HULL
          SENIOR U. S. DISTRICT JUDGE

---

[2] After this action was filed, the Court was notified by correspondence, dated February 25, 2005 and bearing the letterhead of the Lakeshore Mental Health Institute and the signature of Stephanie Martens, Forensic Coordinator, that the plaintiff had been admitted for a 60-90 day Court Ordered Evaluation pursuant to T.C.A. 33-7-303(a). The letter states that the notice was given upon request of the plaintiff.